IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTEN DALE PATTON,

    Petitioner,

v.

MARION FEATHER, Warden,

    Respondent.

Civil No. 3:13-cv-01308-AC

OPINION AND ORDER

THOMAS J. HESTER
Assistant Federal Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

    Attorney for Petitioner

S. AMANDA MARSHALL
United States Attorney
NATALIE WIGHT
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Respondent

1 - OPINION AND ORDER -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. The parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with 28 U.S.C. § 636(c). For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus (#2).

## BACKGROUND

On February 12, 2007, Petitioner was sentenced to 27 months of imprisonment for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On November 10, 2007, Petitioner requested an interview for placement in the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). On January 24, 2008, however, Petitioner reached his good conduct date and was released to a term of supervised release.

While on supervised release, Petitioner committed a new crime. On September 13, 2010, Petitioner was sentenced to a 69-month term of imprisonment for possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1). The court also revoked Petitioner's supervised release from his 2007 conviction, and sentenced him to an additional 15-month term, to be served consecutively to the 2010 sentence.

On October 12, 2012, Petitioner was interviewed for participation in RDAP at FCI Sheridan. After the interview, a request was sent to the BOP Designation and Sentence Computation Center ("DSCC") to determine Petitioner's eligibility for early release pursuant to 28 U.S.C. § 3621(e). On October 5, 2012, DSCC legal staff determined that both of Petitioner's current offenses precluded early release eligibility because they "involved the carrying, possession,

or use of a firearm or other dangerous weapon" under 28 C.F.R. § 550.55(b)(5)(ii), and each offense "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" under 28 C.F.R. § 550.55(b)(5)(iii).

Petitioner filed a Request for Administrative Remedy challenging his early release eligibility determination, which was denied. Petitioner's Administrative Remedy Appeal to the Regional level was also denied. Petitioner's Administrative Remedy Appeal remains pending.

On July 30, 2013, Petitioner filed his *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. Petitioner alleges four grounds for relief:

> **Ground One:** The respondent has violated the Administrative Procedures Act Title 5 U.S.C. § 706 (2)(A) et seq., which provides that a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, [capricious] and abuse of discretion or otherwise not in accordance with law. The respondent, and F.B.O.P. are arbitrarily applying 28 C.F.R. § 550.58(a)(vi)(B) and F.B.O.P. PS-5162.04, sec. 7.d.
>
> **Ground Two:** The respondent is capricious when applying its own internal policy under PS-5162.04, Sec 7.d by declaring petitioner ineligible for Early Release. A clear error in judgment has been made in determining petitioner's Early Release eligibility pursuant to 18 U.S.C. § 3621(e)(2)(B).
>
> **Ground Three:** Petitioner is being denied Early Release Eligibility pursuant to 18 U.S.C. § 3621 (e)(2)(B) in violation of the Equal Protection Clause of the 14th Amendment.
>
> **Ground Four:** The respondent is denying petitioner Early Release Eligibility in violation of the U.S.C.A. for the Ninth Circuit's holding in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008) that the B.O.P. must consider for Early Release as non-violent offenders those convictions under 21 U.S.C. § 841, whether or not they received sentencing enhancements for weapons possession.

The court subsequently appointed counsel to represent Petitioner. Petitioner's Brief in Support of Petition (#36) argues that Petitioner is entitled to early release upon successful

completion of RDAP because: (1) the sentencing judge found he did not possess a dangerous weapon in relation to the new crime, and, independently, (2) because Petitioner is serving a 15-month sentence for the supervised release violation on his older case, in which he requested the RDAP program in 2007.

Respondent argues the petition should be dismissed because this court lacks subject matter jurisdiction to review the discretionary denial of early release eligibility, because Petitioner has not demonstrated a violation of the Constitution, laws, or treaties of the United States, and because Petitioner's equal protection allegations fail to state a claim.

## DISCUSSION

Petitioner challenges the BOP's decision to exclude him from RDAP on the basis that it is arbitrary, capricious, and an abuse of discretion in violation of § 706 of the APA. Petitioner is not entitled to relief on this claim because, pursuant to 18 U.S.C. § 3625, the judicial review provisions of the APA found in §§ 701-706 do not apply to the BOP's individualized determinations made pursuant to 18 U.S.C. § 3621. *See Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011) ("federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621").

While review of the BOP's individualized determinations are not subject to review under the APA, habeas corpus review "remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. . . ." *Reeb*, 636 F.3d at 1228 (footnote omitted). In this regard, Petitioner first argues the BOP's denial of early release is predicated on a factual mistake with respect to the 2010 sentence.

4 - OPINION AND ORDER -

According to Petitioner, the sentencing judge did not find Petitioner possessed a dangerous weapon in the 2010 case and, as such, 28 C.F.R. § 550.55(b)(5)(ii) does not apply.

Petitioner bases his argument on a colloquy that took place during the sentencing hearing concerning the Pre-Sentence Report's ("PSR") recommendation of a 2-point enhancement for the possession of a dangerous weapon during the criminal activity. In the course of the colloquy, both counsel for Petitioner and the prosecutor objected to the recommendation. Ultimately, however, the Statement of Reasons included in the Judgment and Commitment Order issued by District Judge Mosman unequivocally adopted the PSR without change, including the enhancement. *United States v. Patton*, Case No. 3:09-cr-00297-MO-1 (D. Or., Sept. 15, 2010), Judgment and Commitment Order, Statement of Reasons at 1-2 (Docket Entry No. 39).[1]

Petitioner next argues that he is entitled to early release under the rules in place in November 2007, when he requested participation in the RDAP program. The RDAP regulations in place in November 2007 were found invalid in *Arrington v. Daniels*, 516 F.3d 1106, 1113 (9th

---

[1] To the extent Petitioner argues Judge Mosman made a mistake or did not find possession of a dangerous weapon such that Petitioner's sentence was in error, challenges to the legality of a sentence generally must be filed under 28 U.S.C. § 2255. *Hernendez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). A federal prisoner may appropriately resort to the traditional remedy of habeas corpus, pursuant to 28 U.S.C. § 2241, where the remedy under § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255; *Hernandez*, 204 F.3d at 864-65. This "savings clause" provision of § 2255 provides a very narrow exception. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir.), *cert. denied*, 540 U.S. 1051 (2003). The burden of showing that the § 2255 remedy is inadequate or ineffective rests with the petitioner. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Here, Petitioner did not challenge the legality of his sentence via a § 2255 motion to vacate, and the time to do so has now expired. *See* 28 U.S.C. 2255(f). The one-year statute of limitations does not, however, render § 2255 an inadequate and ineffective remedy. *Reynosa v. Hood*, 25 Fed. Appx. 647, 2002 WL 89690, * 1 (9th Cir. 2002) (citing *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000)).

5 - OPINION AND ORDER -

Cir. 2008).[2] Under *Arrington*, qualifying inmates are evaluated for the early release eligibility without regard to whether the conviction offense involved the use or possession of a firearm, or sentencing included a firearm offense enhancement. *Lillie v. Thomas*, 2012 WL 2411906, *6 (D. Or., June 22, 2012).

*Arrington*, however, does not apply here. *Arrington* applies only to "inmates housed in the Ninth Circuit and notified of their eligibility to participate in RDAP prior to March 16, 2009, or to those who had completed RDAP while housed in the Ninth Circuit prior to March 16, 2009." *Lillie*, 2012 WL 2411906 at *6. Notwithstanding Petitioner's request to participate in RDAP in 2007, he was released from custody before the BOP determined his eligibility for RDAP or early release.

Moreover, even if Petitioner's simple request in 2007 to participate in RDAP somehow triggered his eligibility for early release consideration under *Arrington* as to the 2007 sentence, the existence of the 2010 conviction and sentence cannot be ignored. The 2009 regulations disqualify an inmate from early release when he has "a current felony conviction" that meets the criteria of the regulation. 28 C.F.R. §§ 550.55(b)(5)(ii) & (iii). The BOP may disqualify Petitioner from early release based upon his September 13, 2010, conviction and sentence, without regard to the supervised release violation sentence.

Finally, Petitioner claims that the BOP's decision violated his constitutional right to equal protection because other inmates "meet the exact same criteria as the petitioner" and yet have been

---

[2]On January 14, 2009, the BOP published revised rules governing the administration of RDAP, which were applicable to all prisoners who applied to the program after March 16, 2009. The new rules were upheld in *Peck v. Thomas*, 697 F.3d 767, 772-73 (9th Cir. 2012).

6 - OPINION AND ORDER -

found eligible for early release. Because Petitioner does not present facts demonstrating he was treated differently from other similarly situated inmates, his equal protection claim lacks merit. *See McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999) (finding that an equal protection violation requires the Petitioner to show that similarly situated people are being treated differently), *cert. denied*, 528 U.S. 1086 (2000).

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 29th day of ~~June~~ July, 2014.

John V. Acosta
United States Magistrate Judge

7 - OPINION AND ORDER -